IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-03086-PAB-KLM

JESSE R. GRAY,
JONATHAN VEATCH, and
DANIELLE COCHRAN, individuals on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

KNIGHT SECURITY AND PATROL, INC., a Colorado corporation, and
RYAN M. KNIGHT, an individual,

    Defendants.

## ORDER

This matter is before the Court on the Motion to Set Aside Entry of Default [Docket No. 30] filed by defendants Knight Security and Patrol, Inc. ("Knight Security") and Ryan Knight. In their motion, defendants requests that the Court vacate the Entry of Default [Docket No. 27] entered by the Clerk of the Court on February 23, 2017.[1]

On December 15, 2016, plaintiffs filed a complaint asserting claims against defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Colorado Minimum Wage Order ("CMWO"), 7 Colo. Code Regs. §1103-1, and for unjust enrichment. Docket No. 1. Plaintiffs filed an amended complaint on January 23, 2017. Docket No. 13.

---

[1]Defendants requested oral argument pursuant to D.C.COLO.LCivR 7.1. Docket No. 33 at 1. The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

Plaintiffs initially requested entry of default on February 1, 2017. Docket Nos. 14, 16. The Clerk of the Court did not enter default because plaintiffs failed to comply with Fed. R. Civ. P. 55 and failed to supply sufficient information with respect to service of the amended complaint. Docket Nos. 15, 17. On February 1, 2017, plaintiffs moved to withdraw their amended complaint. Docket No. 18. The Court granted plaintiffs' motion on February 9, 2017. Docket No. 21. On February 21, 2017, plaintiffs renewed their motion for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because of defendants' failure to respond or otherwise defend the case. Docket No. 26. In support of default, plaintiffs alleged that defendants were served with the complaint on January 10, 2017. *See* Docket No. 26-2 at 1, ¶ 2. The Clerk entered default against defendants Knight Security and Ryan Knight on February 23, 2017. Docket No. 27.[2]

In their motion to vacate the entry of default, defendants argue that, while they were properly served with the summons on January 10, 2017, they mistakenly believed that service was not proper. Docket No. 30 at 3-6. In support, they submit two declarations from defendant Ryan Knight. Docket Nos. 30-1, 33-1. In the declaration attached to the motion, Mr. Knight states that, on January 10, 2017, a process server handed him the summons and complaint for both himself and Knight Security. Docket No. 30-1 at 1-2, ¶ 2. At the time, Mr. Knight noticed that the "proofs of service on the second page of the two summons . . . were blank." *Id.* He asked the process server to complete and sign the proofs of service, but the process server stated that "he doesn't

---

[2]Prior to defendants filing their motion to set aside the entry of default, plaintiffs filed motions for entry of default judgment. Docket Nos. 23, 24, 28.

2

do that" and left. *Id.* Mr. Knight states that, after receiving the summons, he "contacted a friend . . . who is a lawyer in Louisiana and told him what had happened." *Id.* at 2, ¶ 3. According to Mr. Knight, his friend informed him that he and Knight Security "didn't need to respond because the proofs of service weren't completed and signed." *Id.* Mr. Knight's wife called plaintiffs' counsel on January 31, 2017 and left a voicemail stating:

> [Ryan Knight] received some documentation for a civil suit for unfair labor. Unfortunately, whoever served just left it at one of our offices. Nothing was completed, nothing was signed by any kind of server, it was not noted to be signed Ryan Knight or [unintelligible]. It does say that we have to file within 21 days but there is no date. So if you could please give us a call at 504-722-2339, and let us know because it does say that it has to be sent to your office which is why I'm calling. So we just wanna make sure what are the dates, and if we need to redo this all over again because it was not properly served, and it was not received by Ryan Knight himself, nor signed or sent to us. It was given to a employee at an office. So please give us a call back to let us know what we need to do with this. I would really appreciate it. Thank you.

Docket No. 26-2 at 1-2, ¶ 5. Mr. Knight states that he retained counsel on March 15, 2017 and was advised to file the instant motion. Docket No. 30-1 at 2, ¶ 6.

In their reply, defendants submit a second declaration from Mr. Knight. Docket No. 33-1. In the second declaration, Mr. Knight states that his attorney friend "is a family member who has been a member of the Louisiana bar for 30 years." Mr. Knight states that, "[w]hen I told her that the proofs of service on the summons had not been completed and executed . . . my attorney family member <u>did</u> tell me that service of process <u>was not</u> valid." Docket No. 33-1 at 1-2, ¶ 2 (emphasis in original). Mr. Knight states that he did not consult a Colorado attorney and acknowledges that, "[b]ased on my representation to my attorney family member about the proofs of service, she gave me wrong advice about when and whether to file a response to the complaint." *Id.* In

3

support of his reply, Mr. Knight also discusses his experience in serving process and states that his experience led him to believe that he was not properly served. *Id.* at 2-3, ¶¶ 3-4.

In addition to claiming that they relied upon bad advice and Mr. Knight's limited knowledge about serving process in failing to respond to plaintiffs' summons, defendants argue that vacating the default in this case would not result in any prejudice to plaintiffs and that defendants have meritorious defenses to plaintiffs' claims. Docket No. 30 at 6-10.

The Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). This good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendants' culpable conduct led to the default; (2) whether the plaintiffs will be prejudiced by setting aside the entry of default; and (3) whether the defendants have a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each one of these factors and may consider other factors in its discretion. *Id*. Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988)

4

(noting that "default judgments are not favored by courts").  It is, however, within the Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency.  *Gomes*, 420 F.2d at 1366.

With respect to the first factor, the parties dispute the facts surrounding defendants' failure to answer.  According to plaintiffs, "Ryan Knight is a lying liar, who lies" and has attempted to avoid service in this matter in bad faith.  Docket No. 31 at 1-3.  Because defendants have conceded that they were properly served, the relevant question is whether defendants' failure to answer was willful.  *See Hunt*, 1995 WL 523646, at *3 ("Generally a [party]'s conduct is considered culpable if he has defaulted willfully or has no excuse for the default") (citing *United States v. Timbers Preserve, Routt Cty., Colo.*, 999 F.2d 452, 454 (10th Cir. 1993), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820, 825 (1996)).  Mr. Knight, on behalf of himself and Knight Security, states that defendants relied upon the advice of a Louisiana attorney when they failed to answer the complaint.  Docket No. 30-1 at 2, ¶ 3.  Plaintiffs argue that Mr. Knight's explanation is implausible because he never mentioned a lawyer to several long-time employees and the advice he received would have been improper even under Louisiana law.  Docket No. 31 at 5-7.

Mr. Knight's declarations contain inconsistencies that undermine his credibility.  In his first declaration, Mr. Knight claims that the attorney he talked to is a male: "I contacted a friend of mine who is a lawyer in Louisiana and told him what had happened."  Docket No. 30-1 at 2, ¶ 3.  In his second declaration, Mr. Knight claims that the attorney is a female: "My attorney friend does indeed 'exist.'  She is a family member who has been a member of the Louisiana bar for 30 years."  Docket No. 33-1

at 1-2, ¶ 2. Mr. Knight's inconsistencies regarding the attorney's gender render his claim of consulting with an attorney unbelievable. The Court finds that defendants have failed to show good cause based on the claim of attorney advice and also finds that defendants fail to show good cause based on Mr. Knight's previous experience as a process server, given that Mr. Knight does not claim to have relied on that factor in not responding to the complaint.

"If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Hunt*, 1995 WL 523646 at *3 (citations omitted). While the Court finds that Mr. Knight's culpable conduct led to defendants' default in this matter, the Court considers whether the other factors demonstrate good cause for setting aside the default in this case. *See Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001).

With respect to the second factor, the Court finds no prejudice to plaintiffs in setting aside the entry of default because defendants moved to vacate the entry of default within a month of the Clerk's entry of default. *See Apex Mobility Transportation, LLC v. First Transit Inc.*, No. 14-cv-02645-REB-MEH, 2015 WL 59553, at *3 (D. Colo. Jan. 2, 2015) ("[T]he Court finds no prejudice to Plaintiffs in setting aside the entry of default because Defendant moved to vacate the entry of default within two weeks of the Clerk's entry of default."). While plaintiffs argue that they will be prejudiced because defendants may destroy evidence in this case if the default is vacated, Docket No. 31 at 11, they offer no evidence that defendants have destroyed evidence in this or other proceedings and request that the Court infer such a risk based on allegations related to Mr. Knight's character. Given that it is still early in the case, the Court finds that

plaintiffs will suffer no prejudice if the entry of default is vacated. *Estate of Ortiz v. Lithia Motors, Inc.*, No. 08-cv-00907-PAB-KLM, 2009 WL 1258969, at *2 (D. Colo. May 5, 2009) (finding no prejudice because plaintiff did not identify any undue prejudice it would suffer if the Court set aside the Clerk's entry of default).

Finally, defendants claim that they have meritorious defenses to plaintiffs' complaint. Docket No. 30 at 9. To determine whether defendants have a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). In their motion, defendants allege that plaintiffs' employment claims lack merit based on defendants' work schedules and pay records. Docket No. 30 at 9. Assuming defendants' allegations are true, they could demonstrate meritorious defenses. *Stone*, 588 F.2d at 1319 ("The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious"). Accordingly, defendants should have the opportunity to assert their defenses. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant, particularly because "[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided").

The Court finds that the lack of prejudice to plaintiffs weighs in favor of setting aside the default. However, the Court cannot condone defendants' failure to timely answer or otherwise respond in this matter and therefore considers whether sanctions are appropriate.

In determining whether to set aside a default, the Court may, in its discretion, impose conditions to mitigate unnecessary expenses incurred as a result of defendants' failure to respond. *See* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2700 (2010) (prejudice caused by "additional expense" can be "eased by requiring the defaulting party to . . . pay court costs"); *see also Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead."); *Adams v. Robinson Outdoor Prods., LLC*, No. 12-cv-03237-RBJ, 2013 WL 1412332, at *3 (D. Colo. Apr. 8, 2013) (requiring defendant to pay $1,375.00 in reasonable attorney's fees and costs incurred in filing the entry of default as condition of setting default aside); *cf. Dennis Garberg & Assocs., Inc.*, 115 F.3d at 775 (recognizing that district courts are afforded "imaginative and flexible use of power to impose conditions on the granting of relief from a default judgment"). Accordingly, as a condition of setting aside the default, defendants will be required to pay the reasonable attorney's fees and costs incurred by plaintiffs in obtaining an entry of default and in responding to the motion to set aside.

Therefore, it is

**ORDERED** that, within ten days of this order, plaintiffs may file a motion for attorney's fees and costs pursuant to D.C.COLO.LCivR 54.3.

DATED May 25, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge